IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          PLAINTIFF,

v.                                                                                              Case No. 20-4076

RICHARD S. DRAKE,
JULIE L. DRAKE, and
DRAKE CPA, LLC,

          DEFENDANTS.

## COMPLAINT

The United States of America, by and through Stephen R. McAllister, United States Attorney for the District of Kansas, Tanya S. Wilson, Assistant United States Attorney, and Kathryn E. Sheedy, Assistant United States Attorney, represents the following.

### Jurisdiction and Venue

1. This is a civil action brought by the United States of America seeking avoidance of fraudulent transfers and this Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. This action is brought pursuant to 28 U.S.C. §§ 3301-3308, which provide the procedure for the United States to seek relief for fraudulent transfers as to a debt owed to the United States.

3. The District of Kansas has jurisdiction over the parties and the subject matter of this action.

4. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 as the underlying indebtedness arises from this district in an order in a criminal case against Richard S.

Drake, in Case No. 16-20046-01-CM JPO, and a substantial number of the events giving rise to the present claims occurred in this district.

### Parties

5.  Defendant Richard S. Drake resides at 5500 W. 164th Street, Stillwell, Kansas, 66085-9215, within the district.

6.  Defendant Julie L. Drake resides at 5500 W. 164th Street, Stillwell, Kansas, 66085-9215, within the district.

7.  Defendant Drake CPA, LLC, is a professional limited liability company solely owned by Defendant Julie L. Drake, with a registered address of 5500 W. 164th Street, Stillwell, Kansas, 66085-9215, within the district. Drake CPA, LLC, may be served through its Resident Agent, Julie L. Drake, at 5500 W. 164th Street, Stilwell, Kansas 66085.

### Facts Common to All Counts

8.  On June 2, 2016, the United States filed a two count Information against Defendant Richard S. Drake in the United States District Court, District of Kansas, Case No. 16CR20046-01-CM-JPO, charging him with violations of Title 18, United States Code, § 641, Theft of Government Funds, and § 1028A, Aggravated Identity Theft.

9.  On June 6, 2016, Defendant Richard S. Drake, made his first appearance and, pursuant to a Plea Agreement with the United States of America, pleaded guilty to Count 1 of the Information, Theft of Government Funds, in violation of Title 18, United States Code, § 641, and Count 2 of the Information, Aggravated Identity Theft, in violation of Title 18, United States Code, § 1028A.  Defendant Richard S. Drake admitted the factual basis for the guilty pleas, imposition of

a $200.00 assessment, and restitution to the Kansas Department of Revenue in the amount of $98,087.00 and the Internal Revenue Service in the amount of $2,432,147.00.

10. On November 29, 2016, Defendant Richard S. Drake, was sentenced to 2 years imprisonment and ordered to pay a special assessment in the amount of $200.00 and restitution in the amount of $2,530,234.00 ($98,087.00 to the Kansas Department of Revenue and $2,432,147.00 to the Internal Revenue Service). Defendant Richard S. Drake was ordered to begin payments immediately. The district court waived interest on the judgment.

11. As of the date of the filing of this complaint, $9,225.41 has been applied to Defendant Drake's restitution order. His $200.00 assessment has been paid and the balance remaining due on his restitution judgment is $2,521,008.59.

12. Defendant Richard S. Drake was engaged in the underlying criminal activity beginning with tax year 2000 and continuing through 2014.

13. Defendant Richard S. Drake met with his attorney, Jeffrey D. Morris of Berkowitz Oliver, LLC, in the fall of 2014 and advised the attorney of his criminal activity.

14. Defendant Richard S. Drake's wife, Defendant Julie L. Drake, became aware of her husband's criminal activity in late November of 2014 during a meeting with Defendant Richard S. Drake and his attorney Jeffery D. Morris.

15. Defendants Richard S. Drake and Julie L. Drake both knew, or should have known, no later than November 2014, that Defendant Richard S. Drake, was subject to incarceration and substantial monetary impositions, estimated over $1.2 million for the payment of restitution as a result of his criminal activity, which would be more than his net worth and would exceed his ability to pay that liability.

16. Upon information and belief, at all times relevant to the allegations in this Complaint Defendants Richard S. Drake and Julie L. Drake were married and shared a residence in the state of Kansas.

### COUNT I:   FRAUDULENT TRANSFER OF DEFENDANT RICHARD S. DRAKE'S ONE-HALF INTEREST IN DRAKE CPA GROUP, P.A.

17. Plaintiff incorporates Paragraphs 1-16, as if fully set forth herein.

18. Prior to November 2014, Defendant Richard S. Drake and Defendant Julie L. Drake each owned 50% of Drake CPA Group, P.A., f/k/a Kahmann & Drake CPA's, EIN: XX-XXX9775, which was an S-Corp accounting firm located in Johnson County, Kansas.

19. Sometime between late November 2014, and January 1, 2015, Defendant Richard S. Drake left Drake CPA Group, P.A., and transferred his ownership interest in Drake CPA Group, P.A., to Defendant Julie L. Drake, resulting in Defendant Julie L. Drake owning 100% of the business.

20. Upon information and belief, Defendants Richard S. Drake and Julie L. Drake did not execute documents evidencing Defendant Richard S. Drake's transfer of his ownership interest Drake CPA Group, P.A., to Defendant Julie L. Drake.

21. Drake CPA Group, P.A. was valued at approximately $434,764.00 at the time Defendant Richard S. Drake transferred his 50% interest in Drake CPA Group, P.A., to Defendant Julie L. Drake, resulting in a transfer of approximately $217,382.00 in value from Defendant Richard S. Drake to Defendant Julie L. Drake.

22. Neither Defendant Julie L. Drake nor Defendant Drake CPA Group, P.A., made any payment to Defendant Richard S. Drake for his 50% ownership interest in Drake CPA Group, P.A.

23. Defendant Richard S. Drake did not receive equivalent value in exchange for the transfer of his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake.

24. The transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A, occurred shortly after Defendant Richard S. Drake disclosed his criminal activity and after he knew of his impending liability for restitution.

25. At the time Defendant Richard S. Drake transferred his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake, both Defendants knew or should have known the criminal charges would result in a monetary imposition of restitution that would exceed Defendant Richard S. Drake's ability to pay.

26. Defendant Richard S. Drake made the transfer of his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake with the actual intent to hinder, delay or defraud the United States.

27. Defendant Richard S. Drake made the transfer of his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake to an insider, Defendant Julie L. Drake, his wife.

28. Upon information and belief, the transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake was not properly recorded in the business records of Drake CPA Group, P.A.

29. The transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A, amounted to a transfer of a substantial portion of his assets.

30. Defendant Richard S. Drake became substantially insolvent prior to making the transfer of his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake.

31. The transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A., to Defendant Julie L. Drake is avoidable pursuant to 28 U.S.C. § 3306(a)(1).

32. Defendant Julie L. Drake transferred all assets of Drake CPA Group, P.A. (name changed to Drake CPA, P.A. on July 1, 2015) to a new business entity, Drake CPA, LLC, sometime between July 1, 2015, and January 31, 2017.

33. The transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A., with an estimated value of $217,382.00, to Defendant Julie L. Drake is recoverable from Defendant Julie L. Drake and/or other property of Defendant Julie L. Drake pursuant to 28 U.S.C. § 3306(a)(2).

34. The transfer of Defendant Richard S. Drake's 50% interest in Drake CPA Group, P.A., to Defendant Julie L. Drake is also recoverable against the assets of Defendant Drake CPA, LLC.

**COUNT II:   FRAUDULENT TRANSFER OF DEFENDANT RICHARD S. DRAKE'S ONE-HALF INTEREST IN JOINTLY OWNED E*TRADE ACCOUNT**

35. Plaintiff incorporates Paragraphs 1-16 and 32 as if fully set forth herein.

36. Defendants Richard S. Drake and Julie L. Drake were the joint owners of E*Trade Account XXXX-1983.

37. Defendant Julie L. Drake exercised full control over E*Trade Account XXXX-1983 and disbursed a total of $24,721.94 from this account to herself on the following dates:

      a.      $4,500.00 on November 24, 2014, by E*Trade check payable to Julie Drake.

$1,000.00 on December 23, 2014, by E*Trade check payable to Chase Card Services for XXXX XXXX XXXX 8008, Defendant Julie L. Drake's credit card.

      b.      $3,000.00 on July 12, 2015 by E*Trade check payable to Julie Drake.

      c.      $1,334.97 on July 13, 2016, and $16,221.94 on July 18, 2016, by transfer to Charles Schwab Account No. XXX-2788 owned by Defendant Julie L. Drake, individually.

38.     Defendant Julie L. Drake received $12,360.97 from Defendant Richard S. Drake's 50% ownership interest in E*Trade Account XXXX-1983.

39.     Defendant Julie L. Drake made the transfers of E*Trade Account after she had knowledge of Defendant Richard S. Drake's criminal activity and knew or should have known of the impending restitution liability he had incurred.

40.     Defendant Julie L. Drake did not make any payment to Defendant Richard S. Drake for his 50% ownership interest in E*Trade Account XXXX-1983.

41.     Defendant Richard S. Drake did not receive equivalent value in exchange for the transfer of his 50% ownership interest in E*Trade Account XXXX-1983 to Defendant Julie L. Drake.

42.     The transfer of Defendant Richard S. Drake's 50% interest in E*Trade Account XXXX-1983 began shortly after Defendant Richard S. Drake disclosed his criminal activity and after he knew of his impending liability for restitution.

43.     At the time Defendant Julie L. Drake drafted the checks and requested the transfer of Defendant Richard S. Drake's 50% interest in E-Trade Account XXXX-1983 to herself, Defendants Richard S. Drake and Julie L. Drake both knew or should have known the criminal

charges would result in a monetary imposition of restitution that would exceed Defendant Richard S. Drake's ability to pay.

44. The transfer of Defendant Richard S. Drake's 50% interest in E*Trade Account XXXX-1983 to Defendant Julie S. Drake was made with the actual intent to hinder, delay or defraud the United States.

45. The transfer of Defendant Richard S. Drake's 50% interest in E*Trade Account XXXX-1983 to Defendant Julie S. Drake was made to an insider, Defendant Julie L. Drake, his wife.

46. Defendant Richard S. Drake became substantially insolvent prior to the transfer of his 50% interest in E*Trade Account XXXX-1983 to Defendant Julie L. Drake.

47. Of the amount disbursed from E-Trade Account XXXX-1983 to Defendant Julie L. Drake, a total of $17,556.91 was deposited into a Charles Schwab Account XXXX-2788, owned solely by Defendant Julie L. Drake.

48. The transfer of $12,360.97 in value from Defendant Richard S. Drake to Defendant Julie L. Drake is recoverable from Defendant Julie L. Drake and/or other property of Defendant Julie L. Drake, including Charles Schwab Account XXXX-2788, pursuant to 28 U.S.C. § 3306(a)(2).

### COUNT III: FRAUDULENT TRANSFER OF DEFENDANT RICHARD S. DRAKE'S SOLELY OWNED WADDELL & REED RETIREMENT ACCOUNT

49. Plaintiff incorporates Paragraphs 1-16, as if fully set forth herein.

50. Defendant Richard S. Drake was the sole owner of Waddell & Reed Simple IRA Account XXXX2071.

8

51.     Withdrawals totaling $37,572.91 between January 8, 2015, and January 13, 2017, were made from Waddell & Reed Simple IRA Account XXXX2071 directly to or for the benefit of Defendant Julie L. Drake on the following dates:

    a.      $20,000.00 on January 8, 2015, by check payable to Defendant Richard Drake was deposited into Central Bank of the Midwest Acct No. XXXXX4609, jointly owned by Defendants Julie L. Drake and Richard S. Drake, and then expended to or for the benefit of Drake CPA Group, LLC, and Defendant Julie L Drake.

    b.      $5,000.00 on December 19, 2016, by check payable to Defendant Richard S. Drake. The check was deposited on December 28, 2016, into Central Bank of the Midwest Acct No. XXXXX4609, jointly owned by Defendants Julie L. Drake and Richard S. Drake. Two days later the account was closed with a cash withdrawal of $5,150.91.

    c.      $12,572.48 on January 13, 2017, by check payable to Defendant Richard S. Drake, leaving a $0.00 balance in the account. After Defendant Richard S. Drake's self-surrender to USP Leavenworth on January 14, 2017, the $12,572.48 check was deposited on January 19, 2017, into Freedom Bank Acct No. XXX0854, jointly owned by Defendants Richard S. Drake and Julie L. Drake. Prior to the deposit of the check, the account balance was $289.64. All funds in the account were disbursed to or for the benefit of Defendant Julie L. Drake by way of various checks, transfers, and withdrawals between January 23, 2017 and February 10, 2017, when the account was closed.

52.     Defendant Julie L. Drake did not make any payment to Defendant Richard S. Drake for the $37,572.91 she received from his Waddell & Reed Simple IRA Account XXXX2071.

53. Defendant Richard S. Drake did not receive equivalent value in exchange for his transfer of his interest in Waddell & Reed Simple IRA Account XXXX2071 to Defendant Julie L. Drake.

54. The transfer of Defendant Richard S. Drake's interest in Waddell & Reed Simple IRA Account XXXX2071 began shortly after Defendant Richard S. Drake disclosed his criminal activity and after he knew of his impending liability for restitution.

55. At the time Defendant Richard S. Drake transferred his interest in Waddell & Reed Simple IRA Account XXXX2071 to Defendant Julie L. Drake, both Defendants knew or should have known the criminal charges would result in a monetary imposition of restitution that would exceed Defendant Richard S. Drake's ability to pay.

56. Defendant Richard S. Drake made the transfer of his interest in Waddell & Reed Simple IRA Account XXXX2071 to Defendant Julie S. Drake with the actual intent to hinder, delay or defraud the United States.

57. Defendant Richard S. Drake made the transfer of his interest in Waddell & Reed Simple IRA Account XXXX2071 to an insider, Defendant Julie L. Drake, his wife.

58. Defendant Richard S. Drake became substantially insolvent prior to making the transfer of his Waddell & Reed Simple IRA Account XXXX2071 to Defendant Julie L. Drake.

59. The transfer of $37,572.91 in value from Defendant Richard S. Drake's Waddell & Reed Simple IRA Account XXXX2071 to Defendant Julie L. Drake is recoverable from Defendant Julie L. Drake and/or other property of Defendant Julie L. Drake and Defendant Drake CPA, LLC, pursuant to 28 U.S.C. § 3306(a)(2).

**WHEREFORE**, the United States respectfully requests that this Court enter a judgment in its favor providing the following relief:

1.  **As to Count I:**  An Order that Defendant Richard S. Drake's transfer of his 50% interest in Drake CPA Group, P.A, to Defendant Julie L. Drake was fraudulent and void and ordering Defendants Julie L. Drake and Drake CPA, LLC, to pay over the sum of $217,382.00, or, in the event the assets of Defendants Julie L. Drake and Drake CPA, LLC, are insufficient to pay out this amount, grant the United States a judgment against Defendant Julie L. Drake and Drake CPA, LLC, with joint and several liability, in the amount of $217,382.00.

2.  **As to Count II:**  An Order that Defendant Richard S. Drake's transfer of his 50% ownership interest in the E-Trade Account XXXX-1983 to Defendant Julie L. Drake was fraudulent and void and ordering Julie L. Drake to pay over the sum of $12,360.97 from her solely owned Charles Schwab Account XXXX-2788, or, in the event this or another legacy transfer account no longer exists or is insufficient to pay out this amount, grant the United States a judgment against Defendant Julie L. Drake in the amount of $12,360.97.

3.  **As to Count III:**  An Order that Defendant Richard S. Drake's transfer of his ownership interest in his solely owned Waddell & Reed Simple IRA to Defendant Julie L. Drake was fraudulent and void and granting the United States a judgment against Defendant Julie L. Drake and Defendant Drake CPA, LLC, in the amount of $37,572.91.

4.  Award the United States such other relief as may be appropriate and just.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

_s/ Kathryn E. Sheedy_
TANYA S. WILSON, Ks. No. 11116
KATHRYN E. SHEEDY, Ks. No. 22867
Assistant United States Attorneys
Ks. S.Ct. No. 22867
Federal Building, Suite 290
444 SE Quincy
Topeka, KS   66683-3592
Telephone:   785.295.2850
Facsimile:   785.295.2853
E-mail:   kathryn.sheedy@usdoj.gov
Attorneys for the United States